## DINET v. RAPID CITY, S. D.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1915.)

### No. 4336.

1. APPEAL AND ERROR ⊗═209—QUESTIONS REVIEWABLE—QUESTIONS NOT PRESENTED TO TRIAL COURT.

The question of absence of evidence to support the verdict is not reviewable, where not presented to the trial court during the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1298, 1300, 1303; Dec. Dig. ⊗═209.]

2. APPEAL AND ERROR ⊗═110—QUESTIONS REVIEWABLE—RULING ON MOTION FOR NEW TRIAL FOR WANT OF EVIDENCE TO SUPPORT VERDICT.

A ruling of the trial court on motion for new trial on the ground that there is no evidence to support the verdict is not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 740–748; Dec. Dig. ⊗═110.]

3. APPEAL AND ERROR ⊗═1050—HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.

Where, in an action on municipal bonds, the evidence without conflict showed that the bonds were illegally issued, and the real issue was as to whether plaintiff purchased the bonds with notice of their invalidity, error in overruling an objection to a question asked a witness for the city as to whether he remembered what his idea was as to the question voted on at the election authorizing the bonds was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊗═1050.]

---

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. APPEAL AND ERROR ⊚⇒1052—HARMLESS ERROR—ERRONEOUS ADMISSION OF
EVIDENCE—CURING BY OTHER EVIDENCE.

Error in permitting a witness to testify that the relation between two
persons was that of principal and agent was cured by the subsequent
testimony of the alleged principal that he had had a transaction with the
witness through the alleged agent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–
4177; Dec. Dig. ⊚⇒1052.]

5. TRIAL ⊚⇒76—EVIDENCE—OBJECTIONS—MOTION TO STRIKE OUT TESTIMONY.

Where there was no objection to testimony when offered, the remedy
of a party complaining is by motion to strike it out.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 172, 183–190, 237;
Dec. Dig. ⊚⇒76.]

6. MUNICIPAL CORPORATIONS ⊚⇒955—BONDS—BONA FIDE PURCHASERS—EVI-
DENCE.

In an action on municipal bonds, defended on the ground that they were
illegal, because in excess of the constitutional limit of indebtedness, and
issued as a donation to a railroad company, while on their face issued for
the purpose of funding a valid indebtedness, testimony of a witness that
he had a conversation with plaintiff, prior to the election voting the
bonds, at which time plaintiff made statements as to the necessity of carry-
ing the election, was proper on the issue that he was not a purchaser
in good faith of the bonds.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 2002–2009; Dec. Dig. ⊚⇒955.]

7. WITNESSES ⊚⇒290—EXAMINATION—DIRECT EXAMINATION—REDIRECT EX-
AMINATION.

Where a witness on redirect examination was given an opportunity to
correct any mistake made on cross-examination, but the witness reaf-
firmed statements made on cross-examination, sustaining of an objection
to a further question on redirect examination on the same subject was
proper, especially in the absence of any claim that the witness had inad-
vertently made a mistake.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1005; Dec.
Dig. ⊚⇒290.]

8. WITNESSES ⊚⇒286—REDIRECT EXAMINATION—DISCRETION OF COURT.

Where a witness on cross and redirect examinations testified to trans-
actions occurring during specified years, a further question on redirect
examination as to whether he referred to a later period was properly
excluded, within the discretion of the court, in the absence of any claim
of any transaction occurring during the later period.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 994–999;
Dec. Dig. ⊚⇒286.]

9. WITNESSES ⊚⇒290—EXAMINATION—REDIRECT EXAMINATION.

Where a witness on direct examination testified to a fact and as to his
means of knowledge, questions on redirect examination calling for the
same matter were properly excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1005; Dec.
Dig. ⊚⇒290.]

In Error to the District Court of the United States for the District
of South Dakota; James D. Elliott, Judge.

Action by Henry G. Dinet against the City of Rapid City, S. D.
There was a judgment for defendant, and plaintiff brings error. Af-
firmed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. E. Wilson, of Hot Springs, S. D., and Norman T. Mason, of Deadwood, S. D. (Clifford A. Wilson, of Hot Springs, S. D., and Eben W. Martin, of Deadwood, S. D., on the brief), for plaintiff in error.

A. K. Gardner, of Huron, S. D. (Albert R. Denu, George A. Jeffers, and Charles J. Buell, all of Rapid City, S. D., on the brief), for defendant in error.

Before SANBORN, HOOK, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. This action was brought by plaintiff in error to recover the principal and interest due upon 70 bonds of defendant in error, for $1,000 each, dated May 1, 1891, claiming to be the owner and holder thereof for value before maturity without notice of any fact affecting their validity. The answer of defendant in error, in addition to a general denial, pleaded two other defenses: First. That the bonds were in excess of the constitutional limit of indebtedness of defendant in error. Second. That although the bonds on their face purported to have been issued for the purpose of funding the valid indebtedness of defendant in error, they were in fact issued as a donation to the Dakota, Wyoming & Missouri River Railroad Company.

[1, 2] A trial to a jury was had, resulting in a verdict for defendant in error. It is claimed there is no evidence to support the verdict. This question is not before us, as it was in no way presented to the trial court during the trial. It was presented in a motion for a new trial, but the ruling of the trial court on that motion is not reviewable here. The reason for this has been so many times stated that we refrain from again repeating it.

[3] Complaint is made of the admission and rejection of evidence. The witness Brennan, called by the defendant in error, was asked by its counsel:

"Do you remember what your idea was as to the question voted on at the election of March 24, 1891?"

This question was objected to as immaterial. The objection was overruled, and an exception taken. The question was immaterial. In view, however, of the fact that when the case went to the jury there was no conflict in the evidence showing the bonds to have been illegally issued, no prejudice resulted to plaintiff in error by the overruling of the objection. The court might have properly taken this question from the jury. The real contest on the evidence was as to whether the plaintiff in error purchased the bonds with notice of their invalidity.

[4] The witness Friend, called by defendant in error, had testified that he had received in the early part of 1908 from a Mr. Elan four of the bonds in question. The witness was then asked by counsel for defendant in error the following question:

"I will ask you if you know what relation or connection there was between Mr. Elan and Mr. Coad at the time these bonds were turned over to you."

This question was objected to by counsel for plaintiff in error as incompetent, not binding on the plaintiff, and involving unsworn declarations of some third party. The objection was overruled, and an exception taken. The witness answered: "His agent." Elan had tes-

tified previously that he had seen a power of attorney from Coad to Elan in the possession of Elan. Coad, himself, when on the stand testified:

"I had a transaction with Mr. Friend, who testified yesterday, through Mr. Elan, a Milwaukee broker."

If there was any error in overruling the objection to the question asked the witness Friend, it was cured, as Coad himself testified that he did have a transaction with Friend through Elan.

[5] The witness Mathias testified concerning certain pencil notations which appeared on the bond register of defendant in error. These notations purported to show the disposition of the bonds that were authorized to be issued. There was no objection to the testimony at the time it was given, but subsequently there appears in the record a statement that this notation was objected to for the reason that it was not shown that it was made at the proper time by the proper officer in due form. The objection made after the witness had testified amounted to nothing. Counsel's remedy would have been a motion to strike out the testimony; further, there was no question about the disposition of the bonds.

[6] The witness Crouch, called by defendant in error, testified to a conversation which he had with the plaintiff in error in the presence of Coad, Mühlke, and Furst as to the necessity of carrying the Rapid City election held on March 24, 1891, at which the bonds were voted. This would fix the conversation prior to the date of the election. The testimony was introduced on the issue pleaded that Dinet was not a purchaser in good faith of the bonds sued upon.

[7-9] When the witness Coad was called to testify on the part of plaintiff in error, he testified that he never met Muhlke until October, 1891, that Crouch himself was not connected with the railroad project until August, 1891, and that the witness was not acquainted with the plaintiff Dinet at that time. On cross-examination Coad testified:

"I think I was first introduced to Mr. Dinet in Mr. Muhlke's office, I never saw him around there but a few times in 1891, 1892, and 1893. I wouldn't say I saw him there a half dozen times in those three years."

It thus appears that Coad had testified on the direct examination that he was not acquainted with the plaintiff Dinet in 1891. On cross-examination he testified that he never saw Dinet around there but a few times in 1891, 1892, and 1893. Counsel for plaintiff in error on redirect examination asked the witness the following question:

"Did I understand you, in response to a question of Mr. Shrader, to say that you only saw Mr. Dinet in the office of Mr. Muhlke in 1891, 1892, and 1893 a few times? A. Very few times."

Counsel for plaintiff in error then asked this question:

"Did you see him at all in 1891, 1892, and 1893?"

This question was objected to by counsel for defendant in error as seeking to contradict the statement of their own witness and argumentative. The objection was sustained, and an exception taken. Counsel then asked the following question:

"I will ask this question: Did you mean 1891, 1892, and 1893, or 1901, 1902, 1903?"

Counsel for defendant in error objected to the question as argumentative, not proper cross-examination, irrelevant, incompetent, and immaterial. The objection was sustained, the court stating "that the ground had all been covered upon direct and cross examination," and exception was taken and allowed. Counsel for plaintiff in error then asked the following question:

"You state positively that Mr. Crouch had nothing to do with this road until August, 1891. Will you state to the court and jury what are the facts and circumstances that make you so positive concerning that statement?"

Counsel for defendant in error objected again as cumulative. The objection was sustained, and an exception taken.

We do not think there is reversible error in the rulings of the trial court in excluding questions asked by counsel of the witness Coad by plaintiff in error on redirect examination as above specified. The first question asked the witness by counsel on redirect gave the witness the opportunity to correct any mistake which he had made in testifying on cross-examination. The witness, however, by his answer reaffirmed what he had said on cross-examination. To again ask the witness what was practically the same question was not permissible, as there was no claim that the witness had inadvertently made a mistake. To then ask the witness if he did not mean 1901, 1902, and 1903, instead of 1891, 1892, and 1893, there being no claim that anything occurred 10 years later, was not permissible; at least, it was within the discretion of the court to refuse to allow the question to be asked. The court very properly remarked that the matter had all been covered on direct and cross examination.

In regard to the next question, the witness Coad had testified on direct examination that Crouch had nothing to do with the road until August, 1891. It was not proper redirect, and the witness had already testified fully as to his means of knowledge.

The judgment of the court below is affirmed.