MAYER et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   January 7, 1919.)

No. 3169.

**1. CRIMINAL LAW ☞742(1)—JURY AS JUDGE OF CREDIBILITY.**

The jury is the sole judge of the credibility of witnesses in a prosecution for crime.

**2. CRIMINAL LAW ☞628(7), 683(2)—INDICTMENT AND INFORMATION ☞121(1)— BILL OF PARTICULARS—TESTIMONY BY WITNESSES NOT NAMED ON INDICTMENT—REBUTTAL—DISCRETION.**

In a prosecution for engaging in the retail liquor business without having paid the tax required, refusal of bill of particulars, allowance of testimony for the government of witnesses whose names were not indorsed upon the indictment, and the scope of the opportunity allowing defendants to meet such unexpected proof, *held* matters resting in the discretion of the trial court.

**3. CRIMINAL LAW ☞317, 956(1)—NEW TRIAL—CONSIDERATION OF REFUSAL TO TESTIFY.**

The fact that defendants did not see fit to take the stand and deny the charges made against them could not be allowed to raise in the minds of the jury any inference of guilt, but it was a matter proper for the court to consider in passing on a motion for new trial and in deciding whether the refusal to give defendants some delay on account of certain unexpected testimony had been seriously prejudicial to them.

**4. INTOXICATING LIQUORS ☞169—ENGAGEMENT IN BUSINESS WITHOUT PAYMENT OF TAX—INSTRUCTION.**

In a prosecution for engaging in the retail liquor business without having paid the required tax, requested charge that, if the jury found a sale of the business by one defendant had been made in good faith, so that he was acting as a clerk only, he should be acquitted, *held* properly denied, since in spite of such a good-faith sale he might have been guilty, through the effect of Penal Code, § 332 (Comp. St. § 10506).

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Sid Mayer and Joe Persica were convicted of engaging in the retail liquor business without having paid tax, and they bring error. Judgment and sentence affirmed.

Frank S. Elgin, of Memphis, Tenn., for plaintiffs in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM.   [1] The plaintiffs in error were convicted of engaging in the retail liquor business without having paid the tax required by section 16 of the Act of February 8, 1875, c. 36, 18 Stat. 310 (U. S. Comp. St. § 5966).   They complain that the evidence did not justify the conviction.   Their motion for new trial upon this ground was overruled, and the record makes clear that this court can-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not interfere. If the testimony offered for the government was true, the defendants were guilty; and the jury is the sole judge of the credibility of witnesses.

[2, 3] Complaint is also made that a bill of particulars was refused, and that witnesses were allowed to testify for the government whose names were not indorsed upon the indictment,[1] and that the respondents were not allowed fair opportunity to meet this unexpected proof. These matters rested in the discretion of the court, and we see no reason to think that the discretion was abused. The fact that defendants did not see fit to take the stand and deny the charges made against them could not be allowed to raise in the minds of the jury any inference of guilt; but it was a matter entirely proper for the court to consider in passing upon a motion for a new trial, and in deciding whether the refusal to give respondents some delay on account of this unexpected testimony had been seriously prejudicial to them.

[4] It is also claimed that one of the respondents had sold out his interest in the business carried on at this place at a time before the first date named in the indictment, and that during the period covered by the indictment he was only a clerk for the purchaser. The court refused a request to charge that, if the jury found this sale of the business had been made in good faith, this respondent should be acquitted. A denial of this request, in the form presented, was right. In spite of such a good-faith sale of the business, the respondent might have been guilty, through the effect of section 332 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. § 10506]). Whether, as a matter of pleading, he had a right to insist that he be specifically charged as an aider or abetter, is a question we need not consider. It apparently did not occur to any one at the trial. Its distinct presentation then and there might possibly have led to respondent's discharge under this indictment, and prosecution under a new one. He may have preferred to take his chances before this jury.

The other objections urged do not require notice.

The judgment and sentence are affirmed.

[1] Only in capital cases is this indorsement mandatory. Rev. St. 1033 (Comp. St. § 1699); United States v. Van Duzee, 140 U. S. 169, 173, 11 Sup. Ct. 758, 35 L. Ed. 399.