ROOKS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.  March 2, 1920.)

No. 3342.

1. INTERNAL REVENUE ⬅⟶47—EVIDENCE SUSTAINING CONVICTION AS ILLICIT LIQUOR DEALER.

Evidence that defendant, a dairyman, had three cases of whisky in his possession, and sold two bottles to two strangers, who gave no reason or excuse for the purchase, *held* sufficient to sustain a conviction for carrying on the business of retail liquor dealer without payment of the special tax.

2. CRIMINAL LAW ⬅⟶1036(1), 1044—OBJECTION AND MOTION TO STRIKE NECESSARY TO REVIEW OF RULING ON EVIDENCE.

Admission of incompetent evidence cannot be reviewed, in the absence of objection or motion to strike out.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Daniel Rooks. Judgment of conviction, and defendant brings error.  Affirmed.

A. B. Galloway, of Memphis, Tenn., for plaintiff in error.

Thos. J. Walsh, Asst. U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Rooks was convicted for conducting the business of a retail liquor dealer without paying the tax. R. S. § 3242, U. S. Comp. St. § 5965. His chief complaint is that there was no evidence to support the verdict.

[1] The proofs tended to show that he was conducting a milk and dairy business upon his farm a few miles from Memphis, that he had on hand between two and three cases of whisky in half pint flasks, and that he sold two flasks to two persons who wished to buy. There was no reason suggested for making these sales, unless he was carrying the liquor for the purpose of selling to any one who should apply. These applicants were strangers to him, and offered no justification or excuse for their purchases. Defendant's explanation of the stock on hand was that it was no more than he needed for his own use and for his dairy helpers, and he met the testimony as to the two sales by an absolute denial. We think the proof for the government was sufficient to support the verdict which the jury found, under the rules declared in several of our recent decisions. Bailey v. U. S., 259 Fed. 88, —— C. C. A. ——; Sodini v. U. S. (Dec. 12, 1919), 261 Fed. 913, —— C. C. A. ——.

[2] Error is also assigned because the court permitted the complaining witness to testify that the reputation of Rooks' place was that he was selling liquor all the time. If proper objection and exception on this subject had been preserved, the assignment would present serious difficulty (Biandi v. U. S., 259 Fed. 93, —— C. C. A. ——); but defendant's counsel did not object to the question as to what the reputation of the place was nor move to strike out the answer. His only objection was to the preliminary question whether the witness knew the reputation of the place; this objection was general, without stating any ground therefor, and to its overruling no exception was taken. On such a record, there is no basis for review.

The judgment is affirmed.