## SYLVIA v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1920.)

No. 3335.

1. **Criminal law ☞1036(8)—Question of sufficiency of evidence not reviewable, unless raised in trial court.**

 Defendant in a criminal case, who did not raise the objection that the evidence was insufficient to justify conviction in the trial court, is not entitled to urge it in the appellate court, but that court may consider the question.

2. **Criminal law ☞824(6)—Failure to instruct on presumption of innocence not error, where not requested and charge on reasonable doubt is given.**

 Failure of the court in a criminal case to explicitly instruct the jury that defendant is presumed to be innocent *held* not reversible error, where such instruction was not requested, and the jury were fully instructed on the subject of reasonable doubt.

3. **Criminal law ☞697—Exception on redirect examination improper, where no objection was made.**

 A defendant is not entitled to take his chances on the answer to a given question, and then on redirect examination except thereto, merely because he is not permitted to go further into the subject.

4. **Witnesses ☞286(2)—Extent of redirect examination discretionary with court.**

 The extent to which redirect examination may be carried is subject to the reasonable discretion of the trial judge.

5. **Criminal law ☞309—No presumption of defendant's good character.**

 In the federal courts there is no presumption that accused is of good character.

6. **Internal revenue ☞47—Instructions in prosecution of illicit retail liquor dealer held proper.**

 Instructions on trial of defendant for carrying on the business of a retail liquor dealer without having paid the special tax *held* without reversible error.

7. **Criminal law ☞762(2)—Federal judge may express opinion on facts.**

 A trial judge in the federal court has the right to state to the jury his opinion upon the facts, provided he does so judicially and fairly, and ultimately leaves to the jury the decision of questions of fact.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against C. M. Sylvia. Judgment of conviction, and defendant brings error. Affirmed.

Jos. M. Bearman, of Memphis, Tenn., for plaintiff in error.

Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. [1] This writ is to review a judgment of conviction under Rev. Stat. § 3242 (U. S. Comp. Stat. 1916, § 5965), for carrying on the business of retail liquor dealer without having paid the tax required by law. It is strenuously urged here that the evidence did not justify conviction. The point was not raised below, and defendant is not entitled to urge it here. Pennsylvania Cas-

ualty Co. v. Whiteway (C. C. A. 9) 210 Fed. 782, 784, 127 C. C. A. 332; Dinet v. Rapid City (C. C. A. 8) 222 Fed. 497, 499, 138 C. C. A. 93. In view, however, of the authority which exists in criminal cases to consider, in the absence of objection or exception, a case where plain error has been committed in a matter vital to defendant (Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Tucker v. United States [C. C. A. 6] 224 Fed. 833, 841, 140 C. C. A. 279, and cases there cited), we have considered the subject, with the result that we think there was sufficient evidence to go to the jury. There was substantial evidence tending to show that defendant was not ostensibly engaged in any regular business, but that he was regularly in the habit of taking and filling orders for whisky and receiving pay therefor. Specifically it appeared that on occasions ranging over a period of about three weeks he furnished liquor repeatedly upon telephoned request to the occupant of room 103 at the Gayoso Hotel, in Memphis, receiving from that occupant $4 to $5 a quart therefor; that defendant's telephone number was frequently called from rooms at the hotel where, as said by the manager, "we were having trouble with some of the people drinking"; that during the period before stated defendant received at the same telephone address requests for liquor from the occupants of rooms 114 and 551, respectively, at the same hotel, and immediately after the calls went to those respective rooms and was seen immediately thereafter returning therefrom; that on the day of the arrest defendant had furnished to the occupant of room 103 two quarts of whisky, and at the time of the arrest that occupant was proceeding, practically in the presence of defendant, to draw a check in payment therefor. This testimony had a direct and substantial tendency to show that defendant was engaged in clandestinely furnishing and selling intoxicating liquors to those who should apply for it. It directly tended to show that defendant had been and was in readiness to get liquor for those who should ask for it and whom he should decide to accept as customers. This tendency of the proof was not, as matter of law, overcome by the testimony of the occupant of room 103 (evidently an unwilling witness for the government), that he and defendant were in the habit of drinking together out of the bottles of whisky furnished by defendant to this occupant, as well as out of bottles owned by defendant himself; nor by defendant's testimony that he paid $7 a quart for whisky for which, as the testimony shows, he received only $4 or $5 a quart; nor by the testimony both of defendant and the occupant of room 103 that the two were at the time of the arrest preparing to go on an excursion, on which defendant was arranging to carry one quart of whisky and the occupant of room 103 two quarts. These and other circumstances and items of evidence were addressed to the judgment of the jury.

While the instant case was unusual in its facts, we have more than once sustained convictions of violation of the statute in question upon proof no more cogent than was presented here. Turner v. United States, 259 Fed. 103, 170 C. C. A. 171; Mayer v. United States, 259 Fed. 216, 170 C. C. A. 284; Rooks v. United States, 263 Fed. 894,

—— C. C. A. ——, decided by this court March 2, 1920. The testimony, if believed, tended to show what is colloquially called "bootlegging."

[2] Complaint is also made that the court failed to charge the jury that defendant was presumed innocent. The refusal of a request to so instruct would constitute reversible error. Cochran v. United States, 157 U. S. 286, 300.[1] But no such request was made; and, in view of the carefulness with which the jury was instructed upon the subject of reasonable doubt, we have no reason to think that the failure to give such instruction on the court's own motion was purposeful or due to anything but oversight. It cannot be doubted that had attention been called to the failure the omission would have been promptly supplied. Presumably the omission was not noticed even by counsel, who, while taking exceptions to other features of the charge, failed to except to the omission in question.

"A party is not entitled to sit silent until after the verdict and then insist that it shall be set aside because of a failure on the part of the trial court particularly to specify in its charge some matter to which its attention had not been suitably called." Ill. Central R. R. Co. v. Skaggs, 240 U. S. 66, 72, 36 Sup. Ct. 249, 251 (60 L. Ed. 528).

A witness for defendant testified that defendant's "reputation was good, and on that reputation he would give the defendant's evidence on oath full faith and credit in a proceeding in which he was interested." On cross-examination by the district attorney, he stated, without objection, that defendant "had the reputation of being a gambler"; and upon an inquiry by the court said that he did not know whether defendant had "any reputation except as a gambler." The court then asked this question, "Then I understand you to say to the court and jury that a man that has no reputation other than a professional gambler is a man of such character as you would believe him on oath?" to which the witness answered, "I would believe anything he told me. I never heard his word questioned." This examination was also had without objection or exception at the time. But after the court had refused to permit an inquiry on redirect examination, whether witness had ever heard "of this defendant being in the whisky business," the latter's counsel, after stating that he wanted to go into the subject of defendant's "being a gambler," excepted to the questions asked by the court on that subject and the refusal to permit the witness to answer the question propounded on redirect examination.

[3-5] We do not think it necessary to determine whether it was prejudicial error for the trial judge to ask the questions he did, in view of the testimony already given that defendant had the reputation of being a gambler, as well as of the answer, favorable to defendant, given by the witness to this question; for we think no effective objection or exception was taken to that examination. A party is not entitled to take his chances on the answer to a given question, or series of questions, and then, on redirect examination, except thereto merely because he is not permitted to go further into the subject. The extent to which redirect examination may be carried is subject to the reasonable discretion of the trial judge; and we cannot say that there

[1] 15 Sup. Ct. 628, 39 L. Ed. 704.

was an abuse of discretion in declining to permit further inquiry into a subject which had been fairly well covered by the previous examination, and in the absence of specific question or avowal of proof. It is not competent for a defendant to show by his own witness that the latter had never heard of defendant's violating the law in a respect for which he was then on trial. The suggestion that a legal presumption of good character was invaded by what took place is answered by the fact that in the federal courts there is no presumption that the accused is of good character. Greer v. United States, 245 U. S. 559, 38 Sup. Ct. 209, 62 L. Ed. 469.

[6] The trial judge charged the jury that—

"To constitute the carrying on of the business of a retail liquor dealer, as I have said to you before, in cases like this it is not necessary for a man to have a room, a bar, a brass rail, and a man behind it with a white apron on, and cut glasses on the shelf in the rear of the bar, and beautiful red bottles of different hues and tastes, and arranged that way with a large mirror reflecting everything. That is not necessary to the carrying on of the business of a retail liquor dealer. But if you believe from this evidence that this man was called to the telephone, and believe what the government witnesses said about telephoning, and that he responded and furnished these people with whisky, that is to say, that he took money for it, as the government witnesses say he did, he was carrying on the business of a retail liquor dealer. If he had no whisky in his room, but he was called and went to Gayoso avenue, or somewhere else, and bought whisky, and paid for it himself, and furnished it to those people who called for it in the hotel, and took money for it, he was carrying on the business of a retail liquor dealer, and you must determine whether the government has proven that state of facts, or such a state of facts as would warrant you in finding he was carrying on the business of a retail liquor dealer."

Later the jury was told, with considerable elaboration, that they were the exclusive judges of the weight of the evidence and the credibility of witnesses. On exception being made to the portion of the charge above quoted, the court said:

"What I have tried to tell you, and what I now say to you, is: You look to this whole case, taking into consideration every particle of this·evidence, and if you believe that this man was carrying on the business of a retail liquor dealer, find him guilty; and you can look to all the circumstances, where he bought the whisky, that he paid for it himself and carried it up there, and that he had a number and was called, and he responded to the call and responded with a bottle of whisky to the party calling—take into consideration that he took money for the whisky, and say whether or not he was carrying on the business of a retail liquor dealer."

This last-quoted statement, also, was excepted to; but error is not assigned upon it, nor is it referred to in the brief of defendant's counsel. This charge is criticized as not only invading the province of the jury, but as "losing sight of the offense inhibited by the law, which was carrying on the business"; and the argument is made that the evidence clearly shows that the entire transaction was "only one of accommodation, and not one of contract, or barter and sale." But, as we have already said, the testimony, if believed by the jury, would support a conclusion of guilt under the applicable law.

The criticism that the court lost sight of the offense for which defendant was on trial, as well as the merits of the errors assigned upon

the charge, must be considered in connection, not only with what the court said following the exception on which error is assigned, but with other statements to which no exception was taken. In discussing certain features of the evidence pro and con, the court said:

"The point is, Was he furnishing whisky and taking money for it under such circumstances that you believe he was carrying on the business of furnishing whisky to those people who called him?".

And again, following comments on the testimony of the telephone girl at the Gayoso Hotel regarding telephone calls and the results thereof, including defendant's appearance with three quarts of whisky (presumably just before the arrest), the court said:

"Was that a matter of accommodating a friend, or was that conduct more in keeping with a man doing the business of selling whisky?"

In our opinion the charge, taken as a whole, does not contain reversible error.

[7] As to the invasion of the province of the jury: A trial judge in the federal court has an undoubted right to state to the jury his opinion upon the facts, provided he does so judicially and fairly and ultimately leaves to the jury the decision of questions of fact. Young v. Corrigan (C. C. A. 6) 210 Fed. 442, 127 C. C. A. 174, and cases there cited. And we cannot say that in this case the trial judge went beyond the limits of fair comment, especially if, as is presumably the case, defendant took on the trial the legal position recently stated above. The question of fact in this case was quite largely narrowed down, under the evidence, to whether what defendant did was by way of accommodation or whether he was actually carrying on business. On consideration of the entire case, we are not impressed that prejudicial error was committed by the trial judge or that defendant has failed to receive a fair trial.

The judgment of the District Court is accordingly affirmed.