## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. BOWMAN.

### No. 10923.

Circuit Court of Appeals, Eighth Circuit.
Nov. 23, 1938.

Rehearing Denied Dec. 10, 1938.

Philip E. Horan, of Omaha, Neb. (G. J. Cleary and V. J. Skutt, both of Omaha, Neb., on the brief), for appellant.

Hird Stryker, of Omaha, Neb. (Robert E. Cunningham, of El Paso, Tex., on the brief), for appellee.

Before Stone, Gardner, and Thomas, Circuit Judges.

GARDNER, Circuit Judge.

Appellee brought this action against appellant to recover on an accident insurance policy for the accidental death of her husband, Frank D. Bowman, the insured, appellee being the beneficiary named in the policy. A jury was waived and the evidentiary facts were stipulated. Upon the facts so stipulated, the court rendered judgment in favor of the appellee for $3,126.58, from which judgment this appeal is prosecuted. The parties will be referred to as they appeared in the lower court.

The case is before us for the second time. On the appeal as originally presented, we modified and affirmed the judgment. Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 96 F.2d 7. On the strength of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the Supreme Court granted certiorari, vacated the judgment of this court, and remanded the cause for redetermination "limited to the question of the right of respondent to recover under the law of New Mexico." The case has been rebriefed and reargued.

It appears from the stipulation of facts that assured met his death in an airplane accident February 10, 1935, in the State of New Mexico. At all times pertinent to the issues involved, he was a resident of New Mexico, and the insurance policy was delivered to him in New Mexico. At the time of the accident resulting in his death, he was a passenger on an airplane being piloted by his son, who was a duly licensed pilot. Assured was a farmer who had never piloted an airplane. He was not in command of, nor a mechanic for, nor a member of the airplane crew. He had never participated in any manner in any business involving the operation, repair, or construction of airplanes, or the transportation of passengers or freight by airplane.

Since our former opinion in this case, the condition of the record as bearing upon the questions presented has been called to our attention. The evidentiary facts were all embodied in a written stipulation. On the trial, counsel for the respective parties, in turn, offered in evidence certain paragraphs or sections of the stipulation so that ultimately all of the stipulation was offered and received in evidence. At the close of the evidence thus offered, the defendant moved the court to dismiss the case "for the reason that it does not involve a sufficient amount to confer jurisdiction upon this court, and the defendant renews its motion to dismiss in that behalf, filed herein March 25, 1936."

There was no motion for judgment, for findings, for declaration of law, nor other motion challenging the sufficiency of the evidence to sustain a judgment in favor of the plaintiff, and the court made no special findings. As this is an action at law, we have, under the Constitution (Amendment VII), U.S.C.A.Const. Amend. 7, no jurisdiction to review or reexamine the facts, but can consider only questions of law. In the absence of a motion for judgment in favor of defendant, or other similar proceeding challenging the sufficiency of the evidence, no question of law is presented for our consideration. Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Baker Ice Mach. Co. v. Hebert, 8 Cir., 76 F.2d 73; Armstrong v. Metropolitan Life Ins. Co., 8 Cir., 85 F.2d 185; Becher-Barrett-Lockerby Co. v. Northern Pacific Ry. Co., 8 Cir., 89 F.2d 752; Gerlach v. Chicago, R. I. & P. Ry. Co., 8 Cir., 65 F.2d 862; Alliance Life Ins. Co. v. Saliba, 8 Cir., 87 F.2d 937; Roberts v. National Savings Life Ins. Co., 8 Cir., 75 F.2d 530; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96. Through inadvertence of counsel, this condition of the record was not called to our attention when the case was first presented to us, nor was it called to the attention of the Supreme Court. In this condition of the record, the judgment should, we think, be affirmed.

In view of the mandate of the Supreme Court, however, we shall proceed to a consideration of the question of the right of plaintiff to recover under the law of New Mexico.

The provision of the policy in the instant case relied upon by defendant as exempting it from liability, reads as follows: "This policy does not cover death, disability, or other loss * * * received because of or while participating in aeronautics; * * *."

Defendant relies solely upon the decision of the Supreme Court of New Mexico in Sneddon v. Massachusetts Protective Ass'n, 39 N.M. 74, 39 P.2d 1023. The policy there involved contained provision that, "This policy does not cover death or other loss due to disease, whether acquired accidentally or otherwise, or sustained as the result of participation in aviation, aeronautics or subaquatics, * * *."

In that case, the insured met his death in an airplane crash while he was a casual, invited passenger in the airplane. So far as the opinion in that case has any bearing upon the question here involved, it reads as follows: "Appellee contends that the judgment should be sustained because the excepted clause above quoted does not relieve the insurer-appellant for two reasons: First, a casual invited passenger in an airplane is not participating in aviation or aeronautics; second, the exception clause applies only to death due to disease.

Appellee maintains that there is no real distinction between the term 'engaged in aviation' and 'participating in aviation,' and cites cases annotated in 69 A.L.R. 331. The weight of authority is against appellee's contention. See Head v. New York Life Insurance Co. (C.C.A.) 43 F.2d 517, where Judge Orie L. Phillips reviews the authorities; also First National Bank of Chattanooga v. Phœnix Mutual Life Insurance Co. (C.C.A.) 62 F.2d 681. In Peters v. Prudential Insurance Co., 133 Misc. 780, 233 N.Y.S. 500, 502, the court, in distinguishing between the use of the words 'engage' and 'participate,' said: 'If it was intended to except occasional rides in an airplane by a passenger, the author of the language should have employed some other expression, such as "participating in," used in Bew v. Travelers' Ins. Co., 95 N.J.Law, 533, 112 A. 859, 14 A.L.R. 983, Travelers' Ins. Co. v. Peake, 82 Fla. 128, 89 So. 418, and Meredith v. Business Men's Acc. Ass'n of America, 213 Mo.App. 688, 252 S.W. 976. Not having done so, the expression "engaged in aviation" should be given its ordinary meaning and the impression that would be made upon the mind in reading the clause. The word "engaged," as thus employed, gives the impression that it means "something more than occasional participation." ' We are constrained to hold that flying in an airplane is participating in aviation or aeronautics."

There was not presented to the court, nor did the court give any consideration to the scope or meaning of the terms "aviation," or "aeronautics." The contention was that the insured was not, under the authorities, "engaged" in aviation, and that under those authorities, the court should hold that he was not "participating" therein; in other words, that no distinction should be made between the terms "engaged" and "participating." The court simply decided as between these terms that the insured, by becoming a casual passenger, "participated." The discussion too, is limited to the terms "engaged in aviation" and "participating in aviation." No reference is made to the term "aeronautics," except in one place, and there the word is used in the alternative, as it is used in the policy in that case.

Plaintiff maintains that there is a distinction between the terms "aviation" and "aeronautics," and this contention seems to be supported by lexicographic authority. Webster's Twentieth-Century Dictionary, published in 1935, defines the word "aeronautics" as, "The doctrine, science or art of sailing in the air by means of a balloon or airship." The same authority defines "aviation," as, "That part of aerial navigation dealing with dynamically-raised or 'heavier-than-air' machines."

The policy in the instant case does not purport to exclude from its coverage participation in aviation, but only participation in aeronautics, while the policy involved in the Sneddon Case excluded both. It was therefore unnecessary for that court to determine what, if any, distinction might exist between the two terms. If the assured in the Sneddon Case were participating in aviation, that fact relieved the defendant from liability. In the instant case, however, it is necessary to determine whether the assured was at the time of his death "participating in aeronautics," and if ·so, whether that fact relieved the insurance company of liability. This question was not, we think, definitely determined by the New Mexico Supreme Court.

Under the rule of stare decisis, the language and general expressions in an opinion should be limited to the particular facts and issues involved and must be construed in light of the issues presented and considered. They should not be extended beyond that for any purpose of authority in another or different case. Safe Deposit & T. Co. v. Virginia, 280 U.S. 83, 50 S.Ct. 59, 74 L.Ed. 180, 67 A.L.R. 386. To be binding as a precedent, there must have been an application of the judicial mind to the precise question necessary to be determined in order to fix the rights of the parties. St. Louis, V. & T. H. R. Co. v. Terre Haute & I. R. Co., 145 U.S. 393, 12 S.Ct. 953, 36 L. Ed. 748; United States v. Miller, 208 U.S. 32, 28 S.Ct. 199, 52 L.Ed. 376. The decision is the only one of that court involving this question, so it can not be said to have been acquiesced in by any subsequent reaffirmance.

In the Uniform Aeronautics Act, approved by the National Conference of Commissioners on Uniform State Laws, which has been adopted by some twenty-three states, but not by New Mexico, appears the following under "Definition of Terms":

" 'Aeronaut' includes aviator, pilot, balloonist, and every other person having any part in the operation of aircraft while in flight.

" 'Passenger' includes any person riding in an aircraft, but having no part in its operation." Vol. 11, U.L.A., p. 159, Sec. 1, Uniform Aeronautics Act.

In the Uniform Air Licensing Act, approved by the National Conference of Commissioners on Uniform State Laws, and adopted thus far by eight of the states, appears the following under "Definition of Terms": "The term 'Airman' means any individual (including the person in command, and any pilot, mechanic or member of the crew) who engages in the navigation of aircraft while under way, and any individual who is in charge of the inspection, overhauling or repairing of aircraft." Vol. 11, U.L.A., p. 185, Sec. 1, Uniform Air Licensing Act.

In 1926, Congress passed what is known as the Air Commerce Act, which has been amended from time to time. Under the title "Definitions," appears the following: "The term 'airman' means any individual (including the person in command and any pilot, mechanic, or member of the crew) who engages in the navigation of aircraft while under way, and any individual who is in charge of the inspection, overhauling, or repairing of aircraft or of parachutes." Title 49 U.S.C.A. § 179.

One participating or engaging in aeronautics, if we are to give any weight to terminology or derivation, should probably be called an "aeronaut," but we find from the above definition contained in the Uniform Aeronautic Act, that an aeronaut is limited to one who has something to do with the operation or maintenance of the aircraft while in flight, as distinguished from a passenger, including only such person as may be riding in the aircraft, but who has no part in its operation.

In Gregory v. Mutual Life Ins. Co., 8 Cir., 78 F.2d 522, we held that a passenger on an airplane was not participating in aeronautics. The Gregory Case has been followed or cited with approval in the following cases: Day v. Equitable Life Assur. Society, 10 Cir., 83 F.2d 147; Bayersdorfer v. Massachusetts Protective Ass'n, D.C. Ohio, 20 F.Supp. 489; Mutual Benefit Health & Accid. Ass'n v. Moyer, 9 Cir., 94 F.2d 906; Swasey v. Massachusetts Protective Ass'n, 9 Cir., 96 F.2d 265; Marks v. Mutual Life Ins. Co., 9 Cir., 96 F.2d 267; Chappell v. Commercial Casualty Ins. Co., W. Va., 197 S.E. 723. In the last cited case, the opinion in which was written by Judge Hatcher, it is, among other things, said [page 724]: "The word 'aeronautics' has been variously defined. The New Century Dictionary terms it, 'The science or art of aerial navigation.' This would seem to be a fair lexigraphic composite. The flight of an airplane is the achievement of this science and art—the flight being the effect and science and art the cause. The flight itself is not science or art, as an effect cannot be its own cause. Just as a painting is not art, but a work of art, the flight is not aeronautics, but the work of aeronautics. The flight is aeronautical in that sense, only. The verb 'participate' is defined by the same dictionary 'To take or have a part or share in.' The word denotes either active or passive sharetaking, and, having a double meaning, is patently ambiguous. This ambiguity was not given significance in the Bew Case. A mere passenger has no part in the art of the aeronaut and does not study, apply, or advance the science of aerial navigation. The passenger takes no active participation in that art or that science at all; he simply profits by what they accomplish. Consequently, so far as the definition of the word 'participating' implies activity, a passenger does not participate in aeronautics."

As a means of transportation, the airplane is not limited to artists nor scientists, and for the most part it transports those who have no part or interest in the science or art of aerial navigation. The passenger might well be a five-year-old child, utterly incapable of aiding, taking part in, or contributing anything to the science or art. He simply surrenders himself to be transported in an airplane, which is in charge of those engaged or participating in aeronautics. The minister of the gospel who rides the Twentieth Century Limited from Chicago to New York is not participating in the science or art of railroading. He has no such purpose in mind, and yet he bears the same relation to the science or art of railroading as does a passenger on an airplane to the science or art of aerial navigation. The question involves important public and private rights, which will continue through all coming time.

As has been observed, the New Mexico court did not have before it the same provision as is contained in the policy we are considering. There was no issue before the court as to the meaning of the terms "aviation" or "aeronautics," and it gave no consideration to that question which we think is determinative of the issues in the

instant case. That court not having definitely determined the question, it is our duty to do so in order to determine the issues in this case. Risty v. Chicago, R. I. & P. Ry. Co., 270 U.S. 378, 46 S.Ct. 236, 70 L.Ed. 641; Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 57 S.Ct. 364, 81 L.Ed. 510; Fox v. Standard Oil Company, 294 U.S. 87, 55 S.Ct. 333, 79 L. Ed. 780.

As modified by our prior decision, the judgment appealed from is therefore affirmed.