**HARNIK v. LILLEY.**

No. 13671.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1948.

Richard W. Hobbs, of Hot Springs, Ark., for appellant.

Hebert & Dobbs, of Hot Springs, Ark. (Walter J. Hebert and P. E. Dobbs, both of Hot Springs, Ark., on the brief), for appellee.

Before GARDNER, SANBORN and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment against appellant in an action at law brought against him by appellee to recover the consideration paid by appellee on the purchase of certain personal property. The parties will be referred to as they were designated in the trial court.

It was alleged in plaintiff's complaint that he was induced to purchase certain jewelry from defendant by defendant's false and fraudulent representations which were relied upon by plaintiff. It was also alleged that plaintiff had returned, or offered to return, the property. The case was submitted to the jury on instructions to which no complaint is here made by defendant. The jury returned a verdict for $11,617.70, the amount of the consideration, and from the judgment entered on the verdict so returned this appeal is prosecuted.

Defendant's brief contains no statements of the points relied upon for reversal. Under the heading "Points and Authorities," appear the following:

"(A) A jury may not arbitrarily disregard the testimony of unimpeached witnesses.

"(B) A verdict will be set aside where it appears that it could not have been found by a jury without either disregarding the instruction of the court in regard of law or giving an effect to evidence which, in a just and legal sense, was not proper.

"(C) Where a jury returns a verdict against the plain principles of law, as laid down by the court, and against clear and unquestioned evidence, the court will grant a new trial notwithstanding the particular circumstances or general justice of the case."

An examination of the record discloses the fact that defendant did not at the close of the testimony move for a directed verdict in his favor. He does not on this appeal challenge the correctness of any of the instructions nor does he urge any errors in the ruling of the trial court on the admissibility of evidence. It is a little dif-

ficult to determine what questions defendant has attempted to present for our consideration. No specific act or ruling of the court is complained of, unless, possibly, it be the ruling of the court in denying his motion for new trial. Rule 11(b) Fourth of this court provides that appellant's brief shall contain, "A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof." The only question which defendant has attempted to raise is the sufficiency of the evidence to sustain the verdict of the jury.

 This is an appellate court and we are without authority on appeal to set aside a general verdict because against the weight of the evidence. The only review that can be had as to the finding of fact by a jury is whether there is any substantial evidence to support it, this being a pure question of law. When, however, there is no request for a directed verdict, the question as to the sufficiency of the evidence to sustain the verdict or judgment is not reviewable. Amendment VII of the Federal Constitution provides, among other things, that, "The right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

 The only mode known to the common law to re-examine facts tried by a jury was the granting of a new trial by the court where the issue was tried. This being a law action, we have appellate jurisdiction only, and the only way of securing a review of the facts is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. This presents a question of law. Dinet v. Rapid City, 8 Cir., 222 F. 497; Minnehaha County v. Kelley, 8 Cir., 150 F.2d 356; Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175; Home Ins. Co. v. Tydal Co., 5 Cir., 157 F.2d 851. In Dinet v. Rapid City, supra, this court, speaking through Judge Carland, said [222 F. 499]:

"It is claimed there is no evidence to support the verdict. This question is not before us, as it was in no way presented to the trial court during the trial. It was presented in a motion for a new trial, but the ruling of the trial court on that motion is not reviewable here. The reason for this has been so many times stated that we refrain from again repeating it."

Speaking of the necessity of interposing a motion for a directed verdict where the sufficiency of the evidence is to be challenged, we said in Emanuel v. Kansas City Title & Trust Co., supra [127 F.2d 176], "But if the plaintiff intended to appeal in case the verdict went against him and to challenge the sufficiency of the evidence to support a judgment for the defendant, it was essential that he request the trial court to direct the jury to return a verdict in his favor and that he secure from that court a ruling upon his request. In the absence of such a request and ruling, the question of the sufficiency of the evidence to support the verdict and judgment is not subject to review by this Court."

In Mutual Benefit Health & Accident Ass'n v. Bowman, supra, which was a law action tried to the court without a jury, we said [99 F.2d 857]: "There was no motion for judgment, for findings, for declaration of law, nor other motion challenging the sufficiency of the evidence to sustain a judgment in favor of the plaintiff, and the court made no special findings. As this is an action at law, we have, under the Constitution (Amendment VII); U.S.C.A. Const. Amend. 7, no jurisdiction to review or reexamine the facts, but can consider only questions of law. In the absence of a motion for judgment in favor of defendant, or other similar proceeding challenging the sufficiency of the evidence, no question of law is presented for our consideration."

In Minnehaha County v. Kelley, supra, we were asked to consider the question as to whether or not the judgment was sustained by substantial evidence. The defendant, however, had not interposed a motion for a directed verdict at the close of the testimony and we said, among other

things [150 F.2d 359], "In law actions this court has appellate jurisdiction only and the only method of securing a review of the facts is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. This ruling presents a question of law."

In the recent case of Home Insurance Co. v. Tydal Co., supra, it was contended by appellant that the evidence was insufficient to support the judgment. In pointing out the reason for the rule that such a review could not be had in the absence of a motion for a directed verdict the court said [157 F.2d 852], "* * * we will call attention to the limitation imposed on federal courts in such suits by the Seventh Amendment of the federal Constitution. After preserving the right of trial by jury in suits at common law where the value in controversy exceeds $20, it adds: 'And no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.' This has always been held to prevent a federal appellate court doing what we are here urged to do.'

There is a presumption that the verdict and judgment are supported by substantial legal evidence and that presumption, not having been legally challenged in this case, must prevail. The judgment appealed from is therefore affirmed.