**TAYLOR v. TAYLOR et al.**
**No. 14938.**

United States Court of Appeals,
Eighth Circuit.
April 21, 1954.

Charles L. Chalender, Springfield, Mo. (R. E. Rush, Harrison, Ark., on the brief), for appellant.

J. Smith Henley, Harrison, Ark., for appellee, Opal Lee Taylor.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action on a policy of National Service Life Insurance for $10,000 issued by the United States to Darwin P. Taylor, husband of the plaintiff, Opal Lee Taylor. She was the designated principal beneficiary therein until April 23, 1944, when the insured changed the beneficiary by designating his father, Crawford B. Taylor, as principal beneficiary and his brother, Ambrose N. Taylor, as contingent beneficiary.

The insured, Darwin P. Taylor, died July 28, 1949, while on inactive status as a member of the United States Naval Reserve forces, and the policy matured.

This action was brought by the widow, Opal Lee Taylor, against the United States and Crawford B. Taylor, praying for judgment denying the claim of Crawford B. Taylor and granting the plaintiff judgment for $10,000 with interest, costs and attorney fees. She alleged that the attempted change of beneficiary on April 23, 1944, was ineffectual and a legal nullity for the reason that at that time insured, Darwin P. Taylor, was of unsound mind, suffering from a form of insanity known as dementia praecox and was totally incompetent to make any lawful change of beneficiary.

The defendant, Crawford B. Taylor, answered admitting the averments of the complaint, except the charge that the insured was insane when the change of beneficiary was effected, and he prayed that the complaint be dismissed and that he be granted judgment against the United States according to the tenor of the policy with interest, costs and attorney fees.

The United States filed an answer and a counterclaim for interpleader. It admitted that prior to April 23, 1944, the plaintiff was the designated and lawful beneficiary of the insurance contract; admitted liability under the contract of insurance to the party lawfully entitled to the proceeds thereof and that it stands ready to pay the insurance, but because of conflicting claims of the parties it could not safely make payments to anyone without the aid of the court, and asking that the court adjudge whether Opal Lee Taylor or Crawford B. Taylor, or either of them, is entitled to the benefits of the insurance and to direct payment accordingly, and that the United States be awarded its costs.

The case was tried to the court without a jury and the court, after filing findings of fact, conclusions of law and an opinion, entered judgment for the plaintiff, Opal Lee Taylor, for the full amount of the policy without interest and without costs in favor of any party.

At the commencement of the trial it was agreed that the only issue for trial was as to the mental capacity of the insured to make the change of beneficiary on April 23, 1944.

After reviewing the testimony at length the court found:

"No. 5. The Court has weighed and studied carefully all the evidence and considered the demeanor and credibility of the witnesses, and the totality of the evidence convinces the Court that on April 23, 1944, Darwin P. Taylor did not have sufficient mental capacity to comprehend the nature and consequences of his act in attempting to change the beneficiaries of his National Service Life Insurance Policy. Both the decedent's medical records and the testimony of Dr. Moore disclose that during the period from October, 1943, to July, 1944, decedent was laboring under various delusions to such an extent that he was unable to perform his duties. Although there had been no marital difficulty between decedent and the plaintiff, decedent acquired an insane delusion of such difficulty at the same time he acquired delusions of various physical ailments. The insane delusion of marital discord, initiated during this period when decedent was under extraordinary stress, persisted until decedent's death.

"Viewing the evidence as a whole, the Court is convinced that Dr. Fletcher correctly analyzed decedent's medical record and that he was afflicted with a paranoid type of dementia praecox which was manifested by the various delusions entertained by decedent on different occasions and particularly during the period when he attempted to change the beneficiary of his policy. The attempted change was purely a product of decedent's insane delusion of marital difficulty, which was based upon no facts whatsoever. The effect of decedent's mental disorder and delusion was such as to prevent the decedent from comprehending the nature and consequence of his act in attempting to change the beneficiaries of his policy."

The appellant, Crawford B. Taylor, contends that the court erred in making the foregoing finding of fact and in his conclusions of law No. 3 and No. 4, which read as follows:

"No. 3. The Plaintiff, Opal Lee Taylor, is the legal beneficiary of the said policy and is entitled to recover of and from the defendant, United States of America, the proceeds thereof in accordance with the provisions of 38 U.S.C.A., Section 802(t).

"No. 4. The plaintiff is not entitled to recover interest and costs of and from the United States of America."

The first "Point" argued by appellant is that the court erred in permitting Dr. Fletcher to express an opinion as to the mental condition of Darwin P. Taylor on April 23, 1944, based on the findings, opinions and diagnoses of other doctors and not on a proper hypothetical question. To support this contention appellant relies upon Dexter v. Hall, 15 Wall. 9, 82 U.S. 9, 21 L.Ed. 73; Laughlin v. Christensen, 8 Cir., 1 F.2d 215; Corrigan v. United States, 9 Cir., 82 F.2d 106; and United States v. Johnson, 7 Cir., 123 F.2d 111, 126.

The rule of these cases is stated clearly by this court in the Laughlin case, supra, [1 F.2d 219] as follows: "It is the rule that it is not allowable in asking a hypothetical question to incorporate into it the opinion of another expert."

There was introduced in evidence photostatic copies of the medical record and services of the insured while in the Navy. Dr. Fletcher, called as a witness by the plaintiff, had studied these records. After qualifying the witness was asked and answered as follows:

"Q. Doctor, I am particularly concerned with the mental condition of Darwin P. Taylor as of April 23, 1944. After having studied the medical records of this patient, have you formed any opinion concerning the mental capacity of the patient as of April, 1944? A. I feel that Mr. Taylor was suffering from dementia praecox on that date.

"Q. Will you tell the court why you think so?

"Mr. Rush [counsel for appellant]: Your Honor, I want to object to this question. I don't believe he has laid the foundation for a hypothetical question, if that is what he is trying to get.

"The Court: He asked the doctor * * * to state an opinion as to his mental condition on April 23, 1944, based upon the medical report * * * I would like for that question to be answered. I am going to overrule your objection * * *.

"Q. If you will, doctor, tell the court what you find in the record that makes you think Taylor was suffering from dementia praecox in April of 1944?"

In answer to this question the doctor reviewed the record of the insured's health, his confinement in hospitals, his conduct, delusions and behavior, and upon that record expressed the opinion that the insured was suffering from a chronic paranoid type of dementia praecox on April 23, 1944, in which his judgment was impaired because of delusions.

■■ On this point the court in its opinion analyzed the issues and the evidence at length and reached the conclusion that the insured was not capable of effecting a valid change of beneficiary on April 23, 1944. It has long been the practice in the federal courts that "In a nonjury case, the presumption is that the trial court considered only the competent evidence and disregarded all evidence which was incompetent." Thompson v. Carley, 8 Cir., 140 F.2d 656, 660; Doering v. Buechler, 8 Cir., 146 F.2d 784; Buder v. Becker, 8 Cir., 185 F.2d 311. And see Barbour v. George, 7 Cir., 84 F.2d 281, certiorari denied 299 U.S. 579, 57 S.Ct. 43, 81 L.Ed. 426; Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 7 Cir., 128 F.2d 411; Coleman v. United States, 85 U.S.App.D.C. 145, 176 F.2d 469. In the Thompson case, supra, this court said: "This Court will not reverse a trial court in a nonjury case for having admitted incompetent evidence, whether objected to or not, unless all of the competent evidence is insufficient to support the judgment appealed from or unless it affirmatively appears from the record that the incompetent evidence complained of was relied upon by the trial court and induced the court to make an essential finding which would not otherwise have been made."

Here the opinion of the trial court included a discussion of all the evidence disclosing affirmatively that the trial court considered only competent evidence. And it is not clear that any incompetent evidence was admitted. Dr. Fletcher discussed and relied upon the facts of record and not the conclusions of other doctors.

■■ Appellant's second contention is that Dr. Fletcher was permitted "over objection" to read from the medical reports and explain Navy procedures in a prejudicial way. Only one objection to the testimony of Dr. Fletcher appears in the record and that is the one set out above, namely, that no foundation had been laid for a hypothetical question. No ground on which the objection is based is anywhere set out in the record. There is no point here to be decided. Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Objections to the admission of evidence must be specific in federal courts. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249.

Appellant next contends that the court erred in finding of fact No. 5, supra, that the insured did not have sufficient mental capacity on April 23, 1944, to comprehend the nature and effect of his act in changing the beneficiary of his insurance.

■ It is true that the evidence is not all consistent on this point. However, there is abundant, substantial and undisputed evidence to support the court's conclusion. Reference to this evidence is set out in the finding complained of, and no worthwhile purpose would be served by reviewing it here. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is applicable and controlling: " * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of witnesses."

Since we find no reversible error in the record, the judgment appealed from is

Affirmed.