220 F.2d 82
 Clarence O. EEN, a person of unsound mind and an incompetent, by Shirley A. Een, his guardian ad litem, and Shirley A. Een, individually, and as trustees for the State of North Dakota, doing business as the North Dakota Workmen's Compensation Bureau, and as the North Dakota Workmen's Compensation Fund; also North Dakota Workmen's Compensation Bureau, Appellants,
v.
CONSOLIDATED FREIGHTWAYS, a foreign corporation; and Walter Dulski, Appellees.
 No. 15137.
 United States Court of Appeals, Eighth Circuit.
 March 11, 1955.
 
 COPYRIGHT MATERIAL OMITTED L. H. Oehlert, Fargo, N. D. (Nilles, Oehlert & Nilles, Fargo, N. D., and Paul M. Sand, Asst. Atty. Gen. for North Dakota, were with him on the brief), for appellants.
 J. F. X. Conmy, Fargo, N. D. (Hyland, Foster & Conmy, Bismarck, N. D., were with him on the brief), for appellees.
 Before GARDNER, Chief Judge, and JOHNSEN, and COLLET, Circuit Judges.
 GARDNER, Chief Judge.
 
 
 1
 This was an action by Clarence O. Een brought by his guardian ad litem and by his wife, Shirley A. Een, individually, to recover damages on account of personal injuries suffered by said Clarence O. Een as the result of a collision between an automobile driven by him and a tractor-trailer owned by Consolidated Freightways and driven by Walter Dulski. The collision was alleged to have occurred on U. S. Highway No. 10 at a point on said highway three-quarters of a mile south of the town of Buffalo, North Dakota, on the 11th day of March, 1953, at the hour of 7:00 o'clock P. M. It was alleged that the driver of the tractor-trailer was negligent in that he drove said vehicle onto and upon the northbound lane upon which said Een was driving his automobile and that he failed to keep a proper lookout and that he drove at an excessive rate of speed and that as a result of such negligent conduct the tractor-trailer collided with the automobile then being driven by said Een in the northbound lane of said highway inflicting serious personal injuries and causing him great pecuniary damage set out and described in the complaint. The defendants answered denying all acts of negligence, admitting the ownership of the tractor-trailer, admitting that the defendant Dulski was at the time of the accident in the employ of Consolidated Freightways and affirmatively pleaded that the accident was caused or contributed to by the negligence of the plaintiff Een.
 
 
 2
 At and prior to the time of receiving his injuries here complained of Clarence O. Een was in the employ of the North-western Bell Telephone Company in the capacity of an engineer. In the course of his employment he was driving a Chevrolet automobile belonging to his employer in a northerly direction on a jog in U. S. Highway No. 10 which is a hard surfaced highway extending generally east and west through the State of North Dakota. The defendant Dulski in the course of his employment was driving a tractor-trailer belonging to Consolidated Freightways south on the southbound lane of said highway. It was foggy and misting and raining slightly and about 7:00 o'clock P. M. the two vehicles collided as hereinbefore recited. It was the claim of the plaintiffs that the collision occurred in the northbound lane of the highway and it was the claim of the defendants that it occurred in the southbound lane and evidence was introduced by the respective parties tending to support these conflicting contentions. At the close of all the testimony the defendants interposed a motion for a directed verdict. The court reserved ruling on the motion and the case was submitted to the jury on instructions to which no exceptions were saved by either of the parties. The jury returned a verdict in favor of defendants and against the plaintiffs on all the issues and on this verdict the court entered judgment dismissing the action on its merits. From the judgment so entered plaintiffs have appealed and seek reversal on the following grounds:
 
 
 3
 1. The trial court committed reversible and prejudicial error in admitting in evidence the testimony of the defendants' witness, John Holcomb, to the effect that, in his opinion and judgment, the collision or impact occurred in the west lane of traffic.
 
 
 4
 2. The trial court committed further reversible and prejudicial error in admitting in evidence defendants' Exhibit E.
 
 
 5
 3. That in view of all of the undisputed evidence and the overwhelming weight of evidence in favor of the plaintiffs on the issue of liability, the trial court, in the interests of justice and in the exercise of his sound judicial discretion, should have granted plaintiffs a new trial and erred in failing to do so.
 
 
 6
 We shall not follow the order in which plaintiffs state their grounds on which they seek reversal but instead shall first consider their third contention. The effect of this contention is to challenge the sufficiency of the evidence to sustain a verdict for the defendants. In their statement of the case and of the alleged facts which they urge as sustaining their contention that the evidence is insufficient to sustain the verdict as rendered counsel overlook and wholly disregard the rule that the evidence must be viewed in a light most favorable to the prevailing party, that all conflicts in the evidence have been resolved by the verdict of the jury in favor of the prevailing party and that the prevailing party is entitled to the benefit of all favorable inferences which may reasonably be drawn from the facts proven. When so viewed if there is substantial evidence supporting the verdict it must be sustained.
 
 
 7
 But the short answer to the contention that the evidence is insufficient to sustain the verdict is that the question is not before us for decision. Plaintiffs did not at the close of the case interpose a motion for a directed verdict but the question is sought to be presented by charging that the court erred in denying their motion for a new trial.
 
 
 8
 This is an appellate court with jurisdiction to consider on appeal alleged errors of law committed by the trial court. It can only consider the question of the sufficiency of the evidence when that has been made a question of law and this can only be done by interposing a motion for a directed verdict at the close of all of the evidence. Dinet v. Rapid City, S. D., 8 Cir., 222 F. 497; Fricke v. General Accident, Fire & Life Assur. Corp., 8 Cir., 59 F.2d 563; Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; Mutual Ben. Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356; Harnik v. Lilley, 8 Cir., 167 F.2d 159. This rule has been oft repeated by this court. Thus, as early as 1915, in an opinion by Judge Carland speaking for this court in Dinet v. Rapid City, S. D., supra [222 F. 499], it was said:
 
 
 9
 "It is claimed there is no evidence to support the verdict. This question is not before us, as it was in no way presented to the trial court during the trial. It was presented in a motion for a new trial, but the ruling of the trial court on that motion is not reviewable here. The reason for this has been so many times stated that we refrain from again repeating it."
 
 
 10
 The question was presented to us in Harnik v. Lilley, supra [167 F.2d 160], and we there took occasion to review some of the many decisions of this court on the question. In the course of the opinion in that case it is among other things said:
 
 
 11
 "* * * When, however, there is no request for a directed verdict, the question as to the sufficiency of the evidence to sustain the verdict or judgment is not reviewable. Amendment VII of the Federal Constitution provides, among other things, that, `The right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'
 
 
 12
 "The only mode known to the common law to re-examine facts tried by a jury was the granting of a new trial by the court where the issue was tried. This being a law action, we have appellate jurisdiction only, and the only way of securing a review of the facts is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. This presents a question of law. Dinet v. Rapid City, 8 Cir., 222 F. 497; Minnehaha County [S. D.] v. Kelley, 8 Cir., 150 F.2d 356; Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175; Home Ins. Co. [of New York] v. Tydal Co., 5 Cir., 157 F.2d 851.
 
 
 13
 * * * * * *
 
 
 14
 "Speaking of the necessity of interposing a motion for a directed verdict where the sufficiency of the evidence is to be challenged, we said in Emanuel v. Kansas City Title & Trust Co., supra, `But if the plaintiff intended to appeal in case the verdict went against him and to challenge the sufficiency of the evidence to support a judgment for the defendant, it was essential that he request the trial court to direct the jury to return a verdict in his favor and that he secure from that court a ruling upon his request. In the absence of such a request and ruling, the question of the sufficiency of the evidence to support the verdict and judgment is not subject to review by this Court.'
 
 
 15
 "In Mutual Benefit Health & Accident Ass'n v. Bowman, supra, which was a law action tried to the court without a jury, we said: `There was no motion for judgment, for findings, for declaration of law, nor other motion challenging the sufficiency of the evidence to sustain a judgment in favor of the plaintiff, and the court made no special findings. As this is an action at law, we have, under the Constitution (Amendment VII), U.S.C.A.Const. Amend. 7, no jurisdiction to review or reexamine the facts, but can consider only questions of law. In the absence of a motion for judgment in favor of defendant, or other similar proceeding challenging the sufficiency of the evidence, no question of law is presented for our consideration.'
 
 
 16
 "In Minnehaha County v. Kelley, supra, we were asked to consider the question as to whether or not the judgment was sustained by substantial evidence. The defendant, however, had not interposed a motion for a directed verdict at the close of the testimony and we said, among other things, `In law actions this court has appellate jurisdiction only and the only method of securing a review of the facts is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. This ruling presents a question of law.'
 
 
 17
 "In the recent case of Home Insurance Co. [of New York] v. Tydal Co., supra, it was contended by appellant that the evidence was insufficient to support the judgment. In pointing out the reason for the rule that such a review could not be had in the absence of a motion for a directed verdict the court said, `* * * we will call attention to the limitation imposed on federal courts in such suits by the Seventh Amendment of the federal Constitution. After preserving the right of trial by jury in suits at common law where the value in controversy exceeds $20, it adds: "And no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." This has always been held to prevent a federal appellate court doing what we are here urged to do.'
 
 
 18
 "There is a presumption that the verdict and judgment are supported by substantial legal evidence and that presumption, not having been legally challenged in this case, must prevail."
 
 
 19
 We must therefore decline to consider the question of the sufficiency of the evidence to sustain the jury's verdict.
 
 
 20
 In support of their defense defendants called one John Holcomb who was a deputy sheriff and former city policeman with more than seventeen years' experience investigating accidents as a law enforcement officer. He had appeared at the scene of the accident about an hour and twenty minutes following its occurrence and before any of the vehicles involved had been moved. He observed the location of the vehicles, their physical condition and their relative positions with relation to the highway and with relation to each other. He also observed the condition of the traveled portion of the highway at the point of the accident. Each of the parties was apparently contending that the physical facts determined to a large extent whether the collision between the vehicles occurred on the west side of the center line of the highway or on the east side of that line. After he had testified to his acts in investigating the scene of the accident and his observations as to the conditions which he had observed the following occurred:
 
 
 21
 "Q. I am going to ask you — give me a `yes' or `no' answer on this — from your observation of what you saw out there that night, did you form any opinion as to where the point of the impact occurred?
 
 
 22
 "Mr. Oehlert: Just answer it `yes' or `no', please.
 
 
 23
 "A. Yes, sir.
 
 
 24
 "Q. Can you please give us that opinion?
 
 
 25
 "Mr. Oehlert: Just a moment, we object to that as incompetent, irrelevant, immaterial, calling for speculation, guess and conjecture, obviously invading the province of the jury, calling for a conclusion.
 
 
 26
 "The Court: Overruled, and you may answer, Mr. Holcomb.
 
 
 27
 "A. My observation would have been that it happened in the left lane of traffic.
 
 
 28
 "Q. (By Mr. Conmy) In the left lane? A. I mean the west lane."
 
 
 29
 This ruling of the court is urged as reversible error.
 
 
 30
 It will be noted that the witness was not asked a hypothetical question but was asked to express his opinion based upon his personal observations and upon facts and conditions to which he testified. The general objection that the question was "incompetent, irrelevant, immaterial, calling for speculation, guess and conjecture" was too general to call anything sharply to the attention of the court and no error could be predicated on the ruling on such an objection. The objection that the question called for an answer invading the province of the jury was also without merit. Mutual Benefit Health & Accident Ass'n v. Francis, 8 Cir., 148 F.2d 590; United States Smelting Co. v. Parry, 8 Cir., 166 F. 407; Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 78 A.L.R. 737; Woelfle v. Connecticut Mut. Life Ins. Co., 8 Cir., 103 F.2d 417; New York Life Ins. Co. v. Wolf, 8 Cir., 85 F.2d 162; Builders Steel Co. v. Commissioner of Internal Revenue, 8 Cir., 179 F.2d 377. In Mutual Benefit Health & Accident Ass'n v. Francis, supra [148 F.2d 594], we held that:
 
 
 31
 "* * * an expert witness may properly be asked his opinion as to an ultimate fact."
 
 
 32
 No question is raised as to the qualification of the witness. Neither is any question raised by the objection that the question propounded was not a proper subject for expert testimony.
 
 
 33
 It is essential to a review of a ruling on the admissibility of evidence that a specific objection be made in the trial court sharply calling the ground relied upon to the attention of the court and on appeal the objection interposed must be relied upon. United States v. Nickle, 8 Cir., 70 F.2d 873; Cockrell v. United States, 8 Cir., 74 F.2d 151; Metropolitan Life Ins. Co. v. Armstrong, 8 Cir., 85 F.2d 187; Taylor v. Taylor, 8 Cir., 211 F.2d 794; Simkins Federal Practice, Third Edition, Section 581. The applicable rule is stated in Simkins Federal Practice, Third Edition, Section 581, as follows:
 
 
 34
 "Objections to evidence must be specific, and no reversal can be had except upon the ground specifically stated."
 
 
 35
 This rule has uniformly been followed by this court. Thus in United States v. Nickle, supra [70 F.2d 875], we said:
 
 
 36
 "Where complaint is made that the court erred in overruling an objection to the admissibility of evidence, it is generally essential that the objection definitely and specifically state the grounds on which it is based so that the court may intelligently rule upon it. In other words, the appellate court will not reverse on a ruling which overrules an objection to testimony, unless a good objection has been made, even though the testimony might have been objectionable on grounds not specifically and sharply called to the court's attention."
 
 
 37
 What is said in Metropolitan Ins. Co. v. Armstrong, supra [85 F.2d 190], is here apposite. We there said:
 
 
 38
 "Defendant urges that there was no evidence that the insured kept his diabetes under control. This ground of objection, however, was not embodied in the objection as made, nor called to the attention of the lower court or opposing counsel. It cannot, therefore, be considered on appeal."
 
 
 39
 In the recent case of Taylor v. Taylor, supra [211 F.2d 797], referring to a similar question we said:
 
 
 40
 "Objections to the admission of evidence must be specific in federal courts."
 
 
 41
 Quite aside from this, however, we are of the view that on the state of the evidence in the record the verdict of the jury was clearly correct. Even if the admission of this opinion evidence was technically improper, a question we do not decide, it should not require reversal of a judgment which on the whole record is abundantly sustained, especially in view of the court's instruction that:
 
 
 42
 "You are not bound by the opinions of expert witnesses. Their testimony is purely advisory."
 
 
 43
 Such a reversal would not be consistent with the admonition of Rule 61, Federal Rules of Civil Procedure, 28 U.S. C.A., which provides as follows:
 
 
 44
 "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 
 
 45
 During the course of the trial plaintiffs called as a witness one Harold E. Farsdale, a highway patrolman. During his direct testimony he was shown certain photographs identified as Exhibits 3, 4, 5, and 7. The photographs had been taken by a newspaper photographer shortly after the accident and had been received in evidence. Farsdale testified that these photographs fairly portrayed the various objects and scenes which they purported to show. On cross-examination he was shown another photograph which was identified as defendants' Exhibit E. He testified that he was present when this photograph was taken which was about an hour and twenty minutes after the accident occurred and that it was a fair portrayal of certain marks and gouges on and in the hard surface of the highway at the point of the accident which had been pointed out to him by the defendant Dulski. This preliminary proof as to the accuracy of the photograph was, we think, sufficient basis warranting the court in its discretion to admit it in evidence unless the changes made by the chalk marks rendered it inadmissible. Stone v. Chicago, M., St. P. & P. R. Co., 8 Cir., 53 F.2d 813; Chicago G. W. R. Co. v. Robinson, 8 Cir., 101 F.2d 994. The witness testified that certain chalk marks had been made on or about the marks and gouges but that the exhibit fairly portrayed:
 
 
 46
 "* * * the scene and the location where these marks or slight gouges on the highway were that I testified to on direct examination."
 
 
 47
 He described with particularity what chalk marks had been made on the portion of the pavement photographed and that they had been made before the photograph was taken. As a part of the cross-examination of the witness the photograph was offered in evidence and was objected to on the ground that it was:
 
 
 48
 "* * * incompetent, irrelevant and immaterial, no proper foundation laid, a self-serving declaration of Walter Dulski, highly improper, prejudicial, made at a time some hour or so later than the occurrence of the accident, the witness having testified that he did not see the accident, and arrived there at 8:05 o'clock p. m., some hour and 20 minutes after the accident occurred and at a time when other vehicles were present in apparently the same general area as testified to by the Sandos, the distance here being 32 to 35 feet. I believe that covers it, your Honor, self-serving."
 
 
 49
 Before ruling upon the objection in answer to some inquiry by the court counsel for defendant stated in part:
 
 
 50
 "* * * My offer in evidence is subject to the limitation and understanding that the chalk marks were put there for illustrative purposes, simply for photographing at night in order to locate the spot where the witness said there were these gouges and scratches, which was brought out on direct examination."
 
 
 51
 The court then overruled plaintiffs' objections and admitted the photograph in evidence. This ruling of the court is urged as error. It clearly appeared from the testimony of the witness that the photograph fairly portrayed the surface of the highway with certain changes, to-wit, the chalk marks, and he accurately pointed out what these changes were. We think the general rule is that where the changes are not such as to change the identity of the object photographed and are clearly pointed out by the testimony, then the jury cannot be misled by reason of the changes reflected in the photograph. Gaughan v. Michigan Interstate Motor Freight, 7 Cir., 94 F.2d 266. The offer was a limited one and it is not conceivable that any prejudice resulted to the plaintiffs by the admission of the exhibit and we think it was not an abuse of discretion to admit it.
 
 
 52
 We are convinced that the Court committed no prejudicial error in the trial of this action and the judgment appealed from is therefore affirmed.