Ray **LOFTON**, Appellant,

v.

**Hattie J. AGEE**, Appellee.

No. 16965.

United States Court of Appeals Eighth Circuit.

June 5, 1962.

Philip J. Willson, Council Bluffs, Iowa, made argument for appellant and Raymond A. Smith, John LeRoy Peterson, Council Bluffs, Iowa, were with him on the brief.

Robert M. Dippel, Council Bluffs, Iowa, and Chas. E. Kirchner, Omaha, Neb., made argument for appellee and filed brief.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

Following the reversal by this Court (Agee v. Lofton, 287 F.2d 709) of a judgment in favor of the defendant, Lofton, this personal injury action, jurisdiction of which is based on diversity of citizenship, was retried before Judge Stephenson (who had not presided at the first trial) and a jury. The jury returned a verdict for $10,000 in favor of the plaintiff, Hattie J. Agee, upon which judgment was entered. The defendant has appealed.

The injuries of the plaintiff, for which recovery was sought, were sustained on September 5, 1957, on U. S. Highway 75, near Mondamin, Iowa, when the 1956 Cadillac automobile in which she was riding, in a northerly direction, came into collision with a truck owned by the defendant, traveling in the opposite direction and being driven by his employee, Mayberry. The collision occurred upon a bridge 100 feet long, the traveled sur-

face of which was 18 feet 8 inches wide and was at a higher level than the surface of the roadway leading to the bridge approaches. The highway leading to the bridge was 24 feet wide, or about five feet wider than the bridge. The Lofton truck weighed 18,000 pounds. The Cadillac with its four occupants weighed some 5,000 pounds. It was no match for the truck, and was driven backward by the collision.

The plaintiff, in her complaint, filed June 25, 1958, asserted that the driver of the truck was guilty of actionable negligence. This the defendant denied. The issues of liability and damages were obviously issues of fact for the jury, and were decided by it adversely to the defendant.

It is now contended by the defendant that this Court should order a third trial of the plaintiff's case because expert opinion evidence was admitted as to the point of impact, the angle of impact, and the position of the two vehicles with respect to the center of the roadway, when they collided. This opinion evidence, which was thoroughly objected to by the defendant, was based upon direct evidence as to the events leading up to the collision, the position of the vehicles after they had come to rest, and the skid marks leading up to the wreckage. The expert was a professor of mechanical engineering at the University of Nebraska, who had made a study of the forces involved in the motions of automobiles, their behavior during stopping and during acceleration, and the behavior of metals and materials that come into contact. He gave it as his opinion that, since the truck came to rest with its right side three feet and five inches from the right (west) side of the bridge, since the skid marks left by the truck ran straight up to the point where it came to rest, and since the truck bed had a width of eight feet, the left side of the truck had extended two feet into the east lane of the roadway on the bridge at the point where the vehicles came together.

■ We are not persuaded that the admission of the evidence complained of

was either erroneous or prejudicial. We are satisfied that it does not call for a reversal of the judgment. As the Court of Appeals for the Tenth Circuit has said in Campbell v. Clark, 283 F.2d 766, 768, "the exercise within normal limits of the discretion of the trial court in the admission of such testimony will not ordinarily be disturbed on appeal." It is apparent that the trial court, in the present case, was of the opinion that the opinion evidence of the plaintiff's expert, based largely upon undisputed facts, while perhaps not strictly necessary, would be helpful to the jury in reaching a sound result. We think that was a permissible conclusion. See 20 Am.Jur. Evidence, § 806; 32 C.J.S. Evidence §§ 520, 549.

■ The contention that the court misinstructed the jury with respect to the burden resting on the plaintiff, if found to be an owner of the Cadillac, to prove that she was not in control of it at the time of the collision, we regard as without merit. Under the evidence, the plaintiff was an inactive passenger who had never driven, and did not know how to drive, an automobile. The instructions of the court were, we think, fair, adequate and accurate.

We take the liberty of repeating what was said in Webb v. John Deere Plow Co., Inc., 8 Cir., 260 F.2d 850, 852:

"This case was not one requiring the most precise and technically accurate instructions in order to obtain a proper result, but was a case which twelve sensible persons could have decided almost without instructions. See Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 452. Personal injury cases such as this are essentially fact cases, and it is rarely that a party aggrieved by the verdict of the jury can, on appeal, successfully visit his grievance against the jury upon the trial court."

The verdict in favor of the plaintiff ended the instant case.

The judgment appealed from is affirmed.