John RHYNARD, Appellant,

v.

Eugene FILORI, Appellee.

No. 17186.

United States Court of Appeals
Eighth Circuit.

April 4, 1963.

George A. Bangs, of Bangs, McCullen, Butler & Foye, Rapid City, S. D., for appellant.

Kelton S. Lynn, of Whiting, Lynn, Freiberg & Shultz, Rapid City, S. D., for appellee and Roy A. Schwappach, Minneapolis, Minn., on the brief. ·

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff Rhynard from final judgment rendered upon a jury verdict for $82,500 against him in favor of defendant Filori on his counterclaim for damages resulting from an automobile collision. Each party alleges his damages were proximately caused by the negligent operation of the other party's automobile.

Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

Rhynard asserts that the court committed prejudicial error entitling him to a reversal in admitting expert testimony of Filori's witness Captain Worman, and excluding expert testimony on the part of Rhynard's witness, Professor Stensaas, and in refusing to permit Professor Stensaas to explain the reasons for his conclusion that Filori's vehicle was angling across the highway toward the Rhynard vehicle.

Rhynard does not challenge the sufficiency of the evidence to support the verdict. Hence we shall set out only the facts necessary for an understanding of the issues raised by this appeal.

The collision occurred on the morning of March 12, 1960, on primary Highways 14–16 just west of Wasta, South Dakota. Rhynard was traveling west, following two snowplows, both operating on his side of the road. He passed the rear snowplow at Wasta and got back to his side of the highway and was traveling sixty to eighty feet behind the front snowplow. The front snowplow, which was equipped with a snow board to remove the snow from the highway, when it encountered a drift, caused considerable snow to be blown across the highway, seriously impairing visibility. Such a situation existed at the time of the collision. Filori was traveling east. The collision occurred shortly after Filori passed the front snowplow. The occupants of the two snowplows did not see the collision because of the cloud of wind-blown snow created by the snowplow operation, but heard the crash. Filori, corroborated by his wife, testified that he could see ahead on his side of the road at all times; that he saw Rhynard's automobile and the snowplows; that he remained upon his side of the road; that Rhynard drove his vehicle onto Filori's side of the road, and that such conduct caused the collision on Filori's side of the highway. Rhynard testified that because of the snow cloud he did not see Filori's vehicle but that he kept his vehicle on his side of the road.

The crucial factual issue for the jury was to determine which vehicle was on the wrong side of the highway at the time of the collision. Numerous photographs, taken on the day of the accident but sometime thereafter, were received in evidence. They show the post-accident position of both cars and views of the highway. The Filori car was in the ditch on its side of the road; the Rhynard vehicle was on its side of the road, headed in a southeasterly direction. The primary damage to each car was on its left front side, indicating that the collision had been left front to left front.

Before the photographs were taken, the Filori side of the road had been cleared for traffic and traffic had resumed. All witnesses agree that some of the debris had been moved from the Filori side of the road but the record is not clear as to the extent of such debris and who removed it, or how it was disposed of,

that is, whether some of it was thrown to the Rhynard side of the road.

Each party attempted to fix the point of collision by means of expert testimony. Rhynard's expert witness, Professor Stensaas, was a graduate engineer. Filori's expert, Captain Worman, was an experienced and trained highway patrolman. The qualifications of the experts are established.

There is considerable diversity of opinion found in the decided cases generally as to the propriety of expert opinion evidence as to point of impact in automobile collision cases. See Annot. 66 A.L.R.2d 1048. The annotator, at page 1050, states:

"Although some cases hold or recognize that skilled or expert opinion evidence as to the point of impact or collision is not admissible in motor vehicle accident cases, these courts, for the most part, taking the view that the subject matter is not one requiring skilled or expert opinion testimony, or that the admission of evidence of that kind improperly invades the province of the jury, or both, there is strong, and apparently growing, authority holding or recognizing that skilled or expert opinion evidence is admissible upon the question."

In Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82, 87, we definitely held that expert testimony should not be rejected upon the basis that it invades the province of the jury. Supporting cases are cited. We further held that no adequate objection was made to raise the question of the qualification of the witness or that the subject matter was not such as to require expert testimony. Apart from this, we held that the record without the expert testimony strongly supported the verdict and that error, if committed, was not prejudicial.

In Lofton v. Agee, 8 Cir., 303 F.2d 287, 288, we rejected the contention that error was committed in receiving expert testimony as to point of impact. This court, speaking through Judge Sanborn, stated:

"We are not persuaded that the admission of the evidence complained of was either erroneous or prejudicial. We are satisfied that it does not call for a reversal of the judgment. As the Court of Appeals for the Tenth Circuit has said in Campbell v. Clark, 283 F.2d 766, 768, 'the exercise within normal limits of the discretion of the trial court in the admission of such testimony will not ordinarily be disturbed on appeal.' It is apparent that the trial court, in the present case, was of the opinion that the opinion evidence of the plaintiff's expert, based largely upon undisputed facts, while perhaps not strictly necessary, would be helpful to the jury in reaching a sound result. We think that was a permissible conclusion. See 20 Am.Jur. Evidence, § 806; 32 C.J.S. Evidence §§ 520, 549."

In Solomon Dehydrating Co. v. Guyton, 8 Cir., 294 F.2d 439, 443–444, we recognized the propriety of admitting expert testimony of the character here involved when a proper foundation therefor is laid, but further held that where hypothetical questions embraced important facts not supported by the evidence, the question is defective and vulnerable to an objection.

Upon the basis of the authorities just cited, it is fair to say that this court is committed to the view that expert testimony is not vulnerable to an objection that it invades the province of the jury; that the qualification of the expert and the question of whether expert opinion upon the subject matter should be permitted are questions which should be determined by the trial court in the exercise of sound discretion. The trial court's ruling upon the admissibility of expert testimony will not be disturbed upon appeal in the absence of a clear showing of abuse of discretion.

We have also uniformly applied the rule that we will not reverse for

any erroneous ruling upon evidence unless the error is shown to be prejudicial. Rhynard recognizes the rules laid down in the foregoing cases in his brief.

■ We are completely satisfied that the court committed no error in admitting the expert testimony of Captain Worman. The witness arrived at the scene of the accident within an half hour after its occurrence and made close observations and measurements. He stated that he found a large oil slick and groove marks well upon Filori's side of the highway. The groove marks ran approximately from the oil slick to the place Filori's car left the highway. An inspection of Filori's car showed the undercarriage had been broken and lowered so as to make the kind of groove marks found on the road. The witness stated that the marks had not been materially changed by subsequent traffic upon the road. Upon the basis of the oil slick, the groove marks and the accident locale, as a whole, the witness located the collision point well upon Filori's side of the road.

■ Rhynard further urges that the court committed prejudicial error in receiving in evidence a plat drawn at the trial by Captain Worman in which he placed an "x" at the approximate point of collision, and in submitting the plat to the jury. The objection made when the plat was offered was, "No objection other than those we made to the various questions fixing the points." We find in the record no motion to withhold the exhibit from the jury or to strike it. We hold that the plaintiff did not fairly raise in the trial court his present contention that the exhibit was prejudicial and that it should not be submitted to the jury. See Een v. Consolidated Freightways, supra. Moreover, no prejudice is shown. The exhibit discloses nothing with respect to the point of impact which adds to or detracts from Captain Worman's testimony, clearly expressing and supporting his view that the collision occurred on Filori's side of the road.

■ Rhynard urges the error in sustaining objections to the testimony of Professor Stensaas was aggravated by the admission of the testimony of Captain Worman. Proper foundation was laid for Captain Worman's testimony. We are satisfied that defects existed in the hypothetical questions propounded to Professor Stensaas which warranted the sustaining of the objections made. Among other things, the questions assumed the debris was located as shown in the photographs, whereas the uncontradicted evidence shows that much of the debris was removed from Filori's side of the road before the photographs were taken. The photographs did not show the groove marks in the road and the question did not call for a consideration of this evidence.

Moreover, on rebuttal the trial court permitted Professor Sensaas to testify that the location of the debris under the Rhynard car was inconsistent with Captain Worman's opinion as to the point of impact. He was also permitted to explain why he disagreed with Captain Worman's view as to point of impact. Additionally, Professor Stensaas was permitted to state an adequate explanation for his view that the Filori vehicle was angling across the highway at the time of impact because of the post-accident position of the luggage carrier from the Filori automobile.

We have made no attempt to detail all of the extensive questions propounded to the witnesses and the objections thereto. We have carefully examined the record and are satisfied that the court committed no prejudicial error in its ruling upon the admissibility of evidence of the expert witnesses.

■ Finally, Rhynard urges that the court erred in peremptorily instructing the jury over his objection as to certain elements of damage in event they found for the defendant on the liability issue. Rhynard in his brief states that he does not belabor this point nor does he waive it. The point is not supported by argument or authorities. While the trial

court might well have modified the instruction to limit recovery for the various elements of damages to such amounts, if any, as are established by the evidence, we are not persuaded that any prejudicial error was committed by the court's failure so to do.

Rhynard has not incorporated the evidence on damages in the record and hence we cannot say that he has demonstrated that the evidence would not conclusively show that some damage was sustained with respect to each element claimed. Additionally, from a reading of the instructions as a whole, we do not believe that it can be fairly said that the jury were led to believe that they must allow some amount of damage with respect to each element. No complaint is here made that the total verdict is excessive.

The evidence in support of the verdict is strong. We find that the parties have had a fair trial and that no prejudicial error was committed by the trial court.

The judgment appealed from is affirmed.