Emery W. JOPLIN, Appellant,
v.
DENVER–CHICAGO TRUCKING CO.,
Inc., a Corporation, Appellee.
No. 17303.

United States Court of Appeals
Eighth Circuit.
March 25, 1964.

Kenneth I. Grissinger, Kansas City, Mo., for appellant.

William H. Sanders, Sylvester Powell, Jr., and Caldwell, Blackwell, Sanders & Matheny, Kansas City, Mo., for appellee.

Before MATTHES and MEHAFFY, Circuit Judges, and MICKELSON, District Judge.

MICKELSON, District Judge.

This is an appeal from a judgment upon a jury verdict rendered against plaintiff-appellant, Joplin, in favor of defendant-appellee, Denver-Chicago Trucking Co., Inc., in the District Court for the Western District of Missouri. The parties will be referred to as they were designated in the trial court.

This is an action for personal injuries and property damage alleged to have been sustained by plaintiff as a result of a collision between his Mercedes-Benz automobile and a tractor-trailer unit owned and operated by defendant. The collision occurred on Interstate Highway 35, approximately eleven miles east of Ottawa, Kansas, near the interchange of Highway K-33. The case was submitted to a jury, and the jury returned a verdict in favor of the defendant and against the plaintiff. Plaintiff timely moved for a new trial, upon the same grounds urged in this appeal, which motion for a new trial was denied.

Jurisdiction is based upon diversity of citizenship and the amount involved.

The first point urged by plaintiff is that the trial court erred in refusing to grant plaintiff's motion to strike the defendant's answer and enter an inter-

locutory judgment for the reason that counsel for defendant was "house counsel" for the insurance company, a corporation, defendant's insurer. Plaintiff charges that defendant's counsel is a full-time salaried employee-lawyer or "house counsel". A careful consideration of this question leads us to the conclusion that no merit exists in plaintiff's contention and the decision of the trial court was a proper ruling.

 The second point urged by plaintiff is that the court erred in not allowing his counsel sufficient time to argue his case to the jury. The length of time allowed counsel for argument to the jury is within the discretion of the trial judge, and allowing 40 minutes to plaintiff's counsel for argument was not an abuse of such discretion.

The third point urged by plaintiff is that the trial court erred in allowing the highway patrolman, who investigated the accident but who was not an eyewitness to the same, to give his opinion as to the point of impact. Even if we assume arguendo that the admission of the testimony of the patrolman was technically improper, it by no means follows that a reversal of the judgment is required. The point of impact was established by an abundance of other credible evidence, indeed there was no real dispute as to this element of the case. Therefore, even if, as contended, the Missouri rules of evidence are applicable, we can find no basis for a reversal of the judgment.[1] Such action would be inconsistent with the admonition of Rule 61, Fed.R.Civ.P., which provides as follows:

> "No error in either the admission or the exclusion of evidence * * * is ground * * * for setting aside a verdict * * * or otherwise disturbing a judgment * * * unless refusal to take such action appears to the court inconsistent with substantial justice."

See also Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82 (1955); Ross v. Philip Morris & Company, Ltd., 8 Cir., 328 F.2d 3 (1964); and Hawkins v. Missouri Pac. R. Co., 8 Cir., 188 F.2d 348 (1951).

The fourth and last point urged by plaintiff is that the trial court erred in allowing the partner of defendant's trial counsel to testify as to the availability of one of plaintiff's doctors based upon a telephone conversation he had with the doctor's receptionist. Since the jury did not reach the question of damages in arriving at its verdict, the admission of such testimony was harmless and did not constitute prejudicial error.

The verdict of the jury was based upon substantial evidence, and the judgment of the trial court is affirmed.

---

1. In the Missouri cases relied upon by plaintiff, the point of impact was in dispute and essential to the issue of liability.